487 A.2d 1379

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Carlton CHEW, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1984.

Filed Jan. 30, 1985.

---

474

Joseph J. Yeager, Kingston, for appellant.

476

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before WIEAND, JOHNSON and LIPEZ, JJ.

WIEAND, Judge:

Carlton Chew, a prisoner at the State Correctional Institution at Dallas in Luzerne County, was tried by jury and convicted of assault by prisoner [1] in connection with an attack upon a guard at the prison facility. On direct appeal from the judgment of sentence, after post-verdict motions had been denied and sentence imposed, Chew challenges the sufficiency of the evidence to support his conviction and alleges that the court committed various trial errors which require a new trial. We find no merit in these contentions and, accordingly, affirm the judgment of sentence.

In reviewing the sufficiency of the evidence, we view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. See: *Commonwealth v. Stoyko*, 504 Pa. 455, 462, 475 A.2d 714, 718 (1984); *Commonwealth v. Monaco*, 327 Pa.Super. 369, 375, 475 A.2d 843, 846 (1984); *Commonwealth v. Taylor*, 324 Pa.Super. 420, 424, 471 A.2d 1228, 1229 (1984). The credibility of witnesses and the weight to be accorded the evidence produced are matters within the province of the trier of fact. *Commonwealth v. Smith*, 502 Pa. 600, 604, 467 A.2d 1120, 1122 (1983); *Commonwealth v. Croll*, 331 Pa.Super. 107, 116–117, 480 A.2d 266, 271 (1984).

The Commonwealth's evidence discloses that on December 1, 1981, Andre Gay, an inmate at the State Correctional Institution at Dallas who was serving a life sentence, viciously attacked Stanley Baron, a prison guard, with a broken mop or broom handle. Carlton Chew and another inmate, Daniel Williams, joined the melee and punched, kicked and restrained Baron while Gay continued to strike

[1]. 18 Pa.C.S. § 2703.

him with the club. Another officer, Clement Koschinski, came to Baron's aid and was punched and thrown to the ground by Williams. The scuffle was ended when Lieutenant Thomas Martin arrived and separated the combatants. Baron's injuries included contusions of the head, a fractured nose, a fractured left elbow and bruises. He was semi-conscious, bleeding from head wounds, and in a state of shock when admitted to a local hospital for an overnight stay. Baron missed seventeen days of work as a result of his injuries and was still receiving treatment for the elbow injury at the time of trial.[2]

The crime of assault by prisoner is defined at 18 Pa.C.S. § 2703 as follows:

A person who has been found guilty and is awaiting sentence to imprisonment, or a person who has been sentenced to imprisonment for a term of years in any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility, located in this Commonwealth, is guilty of a felony of the second degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed intentionally or knowingly commits an assault upon another with a deadly weapon or instrument, or by any means or force likely to produce serious bodily injury.

"Serious bodily injury" is defined at 18 Pa.C.S. § 2301 as:

Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

"The legislative intent of § 2703 is to protect prison inmates and correctional officers from in-prison violence. This statute enhances the ability of law enforcement officers to

2. Gay and Williams were tried jointly with Chew. Gay was convicted of assault by life prisoner and recklessly endangering another person; Williams was convicted of simple assault with respect to his punching of Officer Koschinski. Direct appeals filed by Gay and Williams are decided of even date herewith.

control the incidence of assaults which occur in prison." *Commonwealth v. Murphy*, 310 Pa.Super. 373, 376, 456 A.2d 659, 660 (1983). A violation of § 2703 is classified as a felony of the second degree. A required element of the crime of assault by prisoner is an assault "upon another with a deadly weapon or instrument or by any means or force likely to produce serious bodily injury." 18 Pa.C.S. § 2703.

Although the evidence is undisputed that Chew did not use the mop handle, there is evidence that he restrained Baron while Gay was striking Baron with the mop handle. There is also evidence that Chew punched and kicked Baron during the assault. Baron, who was attempting to defend himself, was unable to say with certainty that Chew had actually punched him, but he was certain that Chew had held him while Gay struck him with a mop or broom handle. Officer Koschinski testified, moreover, that he had observed Chew punching and kicking Baron during the assault. The jury could find from the evidence, therefore, that Chew had been a participant in a beating whereby three men, one armed with a mop or broom handle, had joined to pummel an unarmed correctional officer. Evidence of such facts was sufficient to sustain the conviction of Carlton Chew. See: 18 Pa.C.S. § 306. See also: *Commonwealth v. Johnson*, 458 Pa. 23, 326 A.2d 315 (1974) (two-by-four a deadly weapon when used to strike victim on and about head); *Commonwealth v. Prenni*, 357 Pa. 572, 55 A.2d 532 (1947) (broom handle-like stick, although not ordinarily a "deadly" weapon, may become such if used as a club to inflict fatal head injuries); *Commonwealth v. Glover*, 303 Pa.Super. 229, 449 A.2d 662 (1982), *aff'd*, 500 Pa. 524, 458 A.2d 935 (1983) (where three men teamed up to repeatedly punch and kick victim about the head, evidence sufficient to permit inference that one of the actors, being tried alone, intended to inflict serious bodily injury under the aggravated assault statute); *Commonwealth v. Dessus*, 262 Pa.Super. 443, 396 A.2d 1254 (1978) (en banc) (evidence sufficient where life prisoner inflicted five or six blows to the head of one victim

from behind, rendering him unconscious and causing extensive injuries, and struck another victim in the face fracturing his cheekbone and necessitating hospitalization for several days); *Commonwealth v. Bryant*, 239 Pa.Super. 43, 361 A.2d 350 (1976) (evidence sufficient where prisoner struck victim on the back of the neck, pushed victim into brick wall and had to be subdued, causing injuries to victim's face, shoulder and finger severe enough to cause victim to miss work three hours one day and the greater part of another).[3]

■■■ Prior to trial, Chew became dissatisfied with his counsel, a public defender, because of a difference of opinion regarding strategy and because of what Chew perceived as inadequate preparation for trial. This dissatisfaction continued at the time of trial. Shortly before trial started, Chew spit in the face of his lawyer. Thereafter, he requested the court to appoint new counsel. The trial court inquired of counsel regarding his preparation and familiarity with the case and concluded that counsel was adequately prepared and both able and willing to defend the charges against Chew. The court, therefore, denied Chew's request for the appointment of new counsel. This was not an abuse of discretion. An indigent defendant does not have a right to counsel of his own choosing, and mere differences of opinion concerning strategy or the brevity of pre-trial communications does not compel the appointment of new counsel. See, e.g. *Commonwealth v. Smith*, 480 Pa. 524, 531 n. 3, 391 A.2d 1009, 1012 n. 3 (1978); *Commonwealth v. Bell*, 328 Pa.Super. 35, 45–48, 476 A.2d 439, 445–446 (1984); *Commonwealth v. Egan*, 322 Pa.Super. 71, 76–78, 469 A.2d 186, 189–190 (1983) (en banc); *Commonwealth v. Johnson*, 309 Pa.Super. 117, 128–129, 454 A.2d 1111, 1116–1117

---

3. Although appellant suggests in his statement of "questions involved" that he also wishes to argue that the verdict was against the weight of the evidence, in fact no such argument is made in his brief. Because a weight of the evidence argument presents a discrete inquiry, with a different standard of review, we do not consider it. By failing to argue this issue in his appellate brief, appellant has waived it. As our review of the evidence implies, moreover, it is difficult to find merit in such an argument.

(1983); *Commonwealth v. Weakland,* 273 Pa.Super. 361, 366 n. 2, 417 A.2d 690, 692 n. 2 (1979); Pa.R.Crim.P. 316(c)(ii). Compare: *Commonwealth v. Tyler,* 468 Pa. 193, 360 A.2d 617 (1976). Our review of the record reveals a spirited and conscientious effort by Chew's counsel to defend a difficult case.

■ Appellant argues that the information contained "defective and inaccurate" information and should, therefore, have been quashed. There is no merit in this contention. The face of the information was not defective and to quash it would have been improper. See: *Commonwealth v. Meoli,* 307 Pa.Super. 50, 452 A.2d 1032 (1982); *Commonwealth v. McKeirnan,* 337 Pa.Super. 403, 487 A.2d 7 (1985).

■ Chew and his co-defendants were tried jointly. They requested the trial court to allow each defendant to exercise seven, separate peremptory challenges in selecting a jury. The trial court denied this request. Chew argues that this was an abuse of discretion. Pa.R.Crim.P. 1126(b) requires that in trials involving joint defendants the number of peremptory challenges allowed shall be divided equally among the defendants unless the trial court, in its discretion, shall increase the number so as to allow each defendant the maximum number of challenges he would have received alone. Appellant has failed to show any abuse of discretion in the denial of his request for seven peremptory challenges.

■ It is argued on appeal, however, that the trial court violated Pa.R.Crim.P. 1126(b)(1) when it directed that the allowable number of peremptory challenges be divided without also allowing each defendant an additional challenge because of the fractional interest of each defendant in the seventh allowable challenge. This issue was not raised at trial. No request was made for an additional challenge. Therefore, the issue has been waived. *Commonwealth v. Isabell,* 503 Pa. 2, 8–9, 467 A.2d 1287, 1290 (1983); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974);

*Commonwealth v. Bradshaw*, 324 Pa.Super. 249, 253–255, 471 A.2d 558, 560–561 (1984).

Chew and his co-defendants were brought to court in leg restraints. When the trial judge inquired about the necessity for such restraints, the District Attorney said that the Sheriff routinely shackled prisoners brought to court from state correctional institutions. The defendants did not then object or request removal of the shackles. The court did not order removal of the shackles but did, sua sponte, caution the jury that the restraints were not evidence of guilt and did not relieve the Commonwealth from its burden of proving each and every element of the crimes charged beyond a reasonable doubt. On the second day of trial, counsel for the defendants moved for a mistrial because the defendants had been in leg restraints during the first day of trial and were again in leg restraints on the second day. The court denied the motion, and its ruling is now alleged to be error.

■ As a general rule, defendants "should not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order...." A.B.A. Project on Minimum Standards For Criminal Justice, Standards Relating to Trial by Jury, Section 4.1(c) (Approved Draft, 1968). The courts in Pennsylvania have followed this rule. *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Mayhugh*, 233 Pa.Super. 24, 336 A.2d 379 (1975). A general policy which results in the shackling of prisoners brought to court from state correctional institutions, therefore, is to be condemned. See: *State v. Hartzog*, 96 Wash.2d 383, 635 P.2d 694 (1981) (shackling of prisoners from maximum security prisons disapproved).

■ In the instant case, however, there were circumstances which militated against the granting of appellant's motion for mistrial. In the first place, the defendants had failed to make a timely objection and had not made a prompt request for removal of the restraints. The fact that

the defendants had been observed in leg restraints without objection during the first day of trial, therefore, was an inadequate reason for declaring a mistrial on the second day. Chew also failed to show that he had been prejudiced by being observed in leg restraints. Unlike most cases, the Commonwealth was here required to prove as an element of its case that Chew was a prisoner at the time when the assault occurred. See: *Young v. State,* 416 So.2d 1109 (Ala.Crim.App.1982) (restraints not prejudicial because, inter alia, trial evidence showed that defendant was prisoner at time of trial). Contra: *State v. Hartzog, supra.* More importantly, in this case Chew had insisted on being attired in prison garb during the trial and had refused to wear civilian clothes which had been provided for him. Under these circumstances, and in view of the trial court's cautionary instructions, it is difficult to find prejudice solely from the fact that appellant was observed in leg restraints by the jury.

Chew was believed to be a violent prisoner. He and his co-defendants had refused to rise and had insisted on remaining seated during openings and closings of court. He had spit in his attorney's face prior to trial and had engaged in a verbal altercation with the trial judge at the beginning of the trial. Although the record does not disclose that the trial judge was then aware of it, Chew had written a letter to other inmates—the letter was intercepted by prison authorities—in which he had requested other inmates to give testimony and then create distractions during the trial. In view of all the circumstances, therefore, we are constrained to agree with the trial court that appellant is not entitled to a new trial merely because he and his co-defendants were brought to court in leg restraints.

■ Chew's trial counsel filed a pre-trial request to discover all written confessions or inculpatory statements made by Chew. Pursuant thereto, the Commonwealth disclosed to defense counsel the information contained in its file. The file did not contain an inculpatory statement by Chew. During trial, the prosecuting attorney received from

Lt. Martin, a security officer at the prison, a letter authored by Chew in which he had requested other inmates to give false testimony and create distractions during the trial. The prosecution thereafter gave a copy of the letter to Chew's counsel and told counsel that it would be used on rebuttal to impeach Chew's credibility if he testified. After the Commonwealth had rested its case in chief without introducing the letter, Chew's counsel moved in the alternative to dismiss the charges, suppress the letter, or grant a continuance because of the Commonwealth's failure to make an earlier disclosure of Chew's letter.[4] The court granted a recess, but denied other relief. Chew did not testify.

" '[T]he prosecution does not violate discovery rules when it fails to provide the defense with evidence that it does not possess *and of which it is unaware* during pre-trial discovery, even if the evidence is in police custody.' " *Commonwealth v. Gelormo,* 327 Pa.Super. 219, 231, 475 A.2d 765, 771 (1984), quoting *Commonwealth v. Bonacurso,* 500 Pa. 247, 251 n. 3, 455 A.2d 1175, 1177 n. 3, *cert. denied,* 462 U.S. 1120, 103 S.Ct. 3090, 77 L.Ed.2d 1350 (1983) (emphasis in original). See: *Commonwealth v. Starks,* 304 Pa.Super. 527, 450 A.2d 1363 (1982). The trial court in the instant case found that although a prison official had acquired the letter several weeks before trial, the prosecuting attorney did not become aware of the letter until late in the afternoon on the day prior to the date on which a copy was delivered to defense counsel. Pa.R.Crim.P. 305(D) requires "prompt" notification by the prosecution when additional evidence is obtained. The prosecuting attorney complied with this rule. The trial court granted the defense a recess in which to enable Chew and his counsel to consider the response to be made and any strategic changes deemed

---

4. The letter was not introduced into evidence, and a copy does not appear among the record papers. However, counsel and the court have agreed to the general content of the letter and have thereby provided this Court with an "equivalent picture" sufficient to permit appellate review of the trial court's ruling. Cf. *Smith v. Mason,* 328 Pa.Super. 314, 476 A.2d 1347 (1984).

necessary. That Chew decided not to testify in light of the anticipated use of the letter by the Commonwealth, if such was the case, cannot be attributed to any misconduct on the part of the Commonwealth.[5]

 Finally, Chew contends that the trial court erred when it overruled a defense objection to an allegedly improper remark made by the prosecuting attorney during closing argument to the jury. The prosecuting attorney told the jurors that their "verdict should stand as a clear, unambiguous message to all three of [the defendants]. That the citizenry of this County will not tolerate the type of inmate ... misbehavior that has been demonstrated by the testimony of the Commonwealth's witnesses."

"It is well settled that comments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Tabron*, 502 Pa. 154, 160, 465 A.2d 637, 639–640 (1983). See also: *Commonwealth v. Gwaltney*, 497 Pa. 505, 442 A.2d 236 (1982). In the instant case, the remarks of the prosecuting attorney suggested nothing more than what the prosecuting attorney deemed an appropriate response if the facts were as shown by the Commonwealth's evidence. "The prosecutor's statement merely reflected considerations that the jury would undoubtedly have considered even absent the articulation of them by the prosecutor.... [F]airness dictates that the prosecution must also have a degree of latitude in the exercise of advocacy in its position." *Commonwealth v. Tabron, supra*, 502 Pa. at 161, 465 A.2d at 640. The trial court did not err in overruling an objection to the prosecuting attorney's remarks.

The judgment of sentence is affirmed.

5. We do not now consider whether a defendant who does not testify can challenge a determination by the trial court regarding the allowable scope of cross-examination if he had testified.