**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert PEZZECA, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 12, 2000.
Filed March 29, 2000.

Ann P. Russavage-Faust, Doylestown, for appellant.

C. Theodore, Asst. Dist. Atty., Doylestown, for Commonwealth, appellee.

Before FORD ELLIOTT, STEVENS and BECK, JJ.

BECK, J.:

¶ 1 We address the scope of judicial discretion in permitting defendant to appear at trial wearing restraints, in this case leg shackles. Appellant raises the issue in the context of ineffectiveness of counsel. Finding that counsel was not ineffective in failing to request a curative instruction regarding appellant's wearing of leg shackles, we affirm the judgment of sentence.

¶ 2 Appellant Robert Pezzeca appeals from judgment of sentence after a jury convicted him of first degree murder, robbery, theft by unlawful taking, receiving stolen property, possessing instruments of crime, and abuse of a corpse. The jury deadlocked at the penalty phase of his trial. The court then sentenced appellant to life imprisonment without parole. The court imposed a consecutive ten to twenty year term for the robbery count and a consecutive one to two year sentence for the abuse of a corpse count.

¶ 3 Appellant's convictions arose from events that occurred in Bensalem Township on August 10, 1998 when he killed and dismembered his landlord, with whom he shared an apartment, and then stole the victim's automobile and other personal items.

¶ 4 After reviewing the parties' briefs, the record, and the relevant case law, we find that the trial court opinion by the Honorable Edward G. Biester of the Court of Common Pleas, Bucks County, thoroughly addresses and properly disposes of all of appellant's challenges on appeal, with the exception of the issue addressed below. We therefore affirm on the basis of the trial court's excellent opinion for those issues concerned with sufficiency of the evidence and failure to call certain witnesses.

¶ 5 Appellant alleges that trial counsel was ineffective for failing to request a curative instruction regarding Mr. Pezzeca's appearance at trial in shackles. In order for a defendant to prevail on a claim of ineffectiveness, he must show that: (1) the underlying claim is of arguable merit; (2) the course chosen by counsel did not have some reasonable basis de-

signed to effectuate his interests; and (3) counsel's ineffectiveness prejudiced him. *Commonwealth v. Blount*, 538 Pa. 156, 647 A.2d 199, 203 (1994); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). Trial counsel is presumed effective, and the burden of establishing ineffectiveness rests upon the appellant. *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981).

¶ 6 Case law provides that the trial court has discretion in ordering that an accused be restrained. *Commonwealth v. Jasper*, 531 Pa. 1, 610 A.2d 949 (1992); *Commonwealth v. Brown*, 538 Pa. 410, 648 A.2d 1177 (1994). The *Jasper* court addressed the use of restraints during the penalty phase of the trial. In *Jasper*, before the entrance of the jury, the defendant was brought into the courtroom with leg shackles. His shackled legs were under the table during the proceedings when the jury was in the courtroom. The judge observed that the jury could not see the shackles and they were necessary because of the defendant's record as a fugitive and his prior record for violence. The judge's decision was upheld on appeal.

¶ 7 Also, in *Brown*, the defendant was shackled during the penalty phase, after having been convicted of murder. The trial judge ensured that the jury could not see the defendant's feet while he was seated at a table. The judge's decision was upheld on appeal.

¶ 8 The instant case differs from *Jasper* and *Brown* inasmuch as appellant was in leg shackles during the guilt determining phase of the trial. The Bucks County Sheriff's Office had been notified prior to trial that appellant was considered an escape risk, having told fellow inmates he planned to escape from court. (N.T., 6/9/99, at 5–6). On the first day of jury selection, while being escorted to the courtroom, appellant became violent, broke free from his cuffs, bit a sheriff's deputy on the hand, and had to be physically moved into the courtroom. (N.T., 5/5/99, at 63–64; 6/9/99, at 6). After appellant was seated in the courtroom, trial counsel requested that his leg restraints and handcuffs be removed. (N.T., 3/8/99, at 6). The trial court allowed the handcuffs to be removed, but directed that the leg restraints remain. The court explained that the shackles were necessary, given appellant's behavior, but that the jury would not see them, as his feet would be under the table, and he would never be brought in to or taken out of the courtroom in the presence of the jury (N.T., 3/8/99, at 4–7, 16; 5/5/99, at 101–102). After the verdict, appellant again became agitated, spitting on a person in the courtroom, hitting his head on the courtroom door, and producing an injury that required medical attention (N.T., 3/17/99, at 4–6).

¶ 9 Appellant claims his counsel was ineffective because he did not request a curative instruction regarding appellant's appearance at trial in shackles. Defense counsel explained that he did not request an instruction regarding the shackles because he did not wish to draw the jury's attention to them. "Did I want the judge to utter the word 'shackles'? No, I didn't." (N.T., 5/5/99, at 115).

¶ 10 A well-settled rule of both common and constitutional law is that a fair trial, without prejudice, requires defendants to appear free from shackles or other physical restraints. "Not only is it possible that the sight of shackles or other restraints might have a significant effect on the jury's feelings about the defendant, but the use of such devices is in itself an affront to the dignity and decorum of judicial proceedings that a judge is seeking to uphold." *Illinois v. Allen*, 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

¶ 11 While there exists a legal presumption against the necessity of physical restraint of an accused in the courtroom, our Supreme Court has nevertheless recognized that there are exceptional circumstances where such "restraint [is] reasonably necessary to maintain order." *Jasper, supra*, at 955. The Superior Court invoked the same principle in *Com-*

*monwealth v. Chew*, 338 Pa.Super. 472, 487 A.2d 1379 (1985). Condemning the use of physical restraints as a general rule, the appellate court in *Chew* nevertheless upheld their use because of defendant's behavior in the courtroom. Unlike the instant case, the *Chew* court gave the jury curative instructions.[1]

¶ 12 The principles in the above cited cases apply to the instant case. We must therefore examine whether exceptional circumstances justified the court's ordering appellant to wear leg restraints. And we must examine whether a court must give curative instructions relating to restraints. In the instant case, the trial court stated on the record, "I would simply remind any reviewing Court that Mr. Pezzecca was the most tempestuous and physically violent defendant or in fact person we have ever had in this courtroom." N.T., 6/9/99, at 6.

¶ 13 It is evident from the record that exceptional circumstances were present because defendant's behavior could reasonably be expected to disrupt the proceedings. He also threatened to escape, and his behavior also demonstrated that he might attack others or be a danger to himself. *See State v. Roberts*, 86 N.J.Super. 159, 206 A.2d 200 (1965) (conviction reversed because the court ordered a defendant shackled as a matter of "routine custodial supervision.")

 ¶ 14 Where the trial court approves the use of restraints, the trial court is instructed to state on the record, outside the presence of the jury, its reasons for permitting them. In this way the appellate court can evaluate the trial court's exercise of discretion. *See also: People v. Lundquist*, 151 App.Div.2d 505, 542 N.Y.S.2d 295, *app. den.* 74 N.Y.2d 849, 546 N.Y.S.2d 1014, 546 N.E.2d 197 (1989), (restraints permitted where the defendant had been verbally abusive and violent, requiring eight court officers to bring him in to court). *See also Gray v. Common-*

*wealth*, 233 Va. 313, 356 S.E.2d 157 (1987), *cert. denied,* 484 U.S. 873, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987).

¶ 15 We also decide that curative instructions are not always necessary, or even desirable. Bearing in mind that the court must assure the defendant a fair trial, the judge has discretion to give or not give curative instructions.

¶ 16 In the instant case, appellant claims ineffectiveness because his counsel did not request curative instructions. Since the judge is not required to give curative instructions, it is clear that counsel was not ineffective in failing to ask for them. Trial counsel did not wish to draw the jury's attention to the restraints. This was sound strategy. Therefore we find counsel was not ineffective.

¶ 17 Judgment of sentence affirmed.

---

1. In *Chew,* the Commonwealth was required to prove that the defendant had committed an assault while in prison.