J-S72004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| :--- | :---: |
| Appellee | PENNSYLVANIA |
| v. | |
| ROBERT PEZZECA, | |
| Appellant | No. 664 EDA 2017 |

Appeal from the PCRA Order Entered January 23, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0004666-1998

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:             **FILED JANUARY 03, 2018**

Appellant, Robert Pezzeca, appeals *pro se* from the post-conviction court's January 23, 2017 order denying, as untimely, his fifth petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Briefly, in 1999, Appellant was convicted of first-degree murder and related offenses.  On March 17, 1999, he was sentenced to life imprisonment, without the possibility of parole.  This Court affirmed his judgment of sentence on September 22, 2000, and our Supreme Court denied his subsequent petition for allowance of appeal.  ***Commonwealth v. Pezzeca***, 749 A.2d 968 (Pa. Super. 2000), *appeal denied*, 761 A.2d 549 (Pa. 2000).

---

[*] Former Justice specially assigned to the Superior Court.

On July 3, 2001, Appellant filed his first, *pro se* PCRA petition and counsel was appointed. After counsel filed an amended petition and the court conducted an evidentiary hearing, appellant's petition was denied on February 20, 2002. Appellant did not file a direct appeal, but he later filed a second PCRA petition, seeking reinstatement of his right to appeal *nunc pro tunc* from the February 20, 2002 order. The PCRA court granted that petition, but this Court ultimately quashed Appellant's appeal.

On December 18, 2002, Appellant filed his third, *pro se* PCRA petition. Counsel was appointed to represent him. On May 27, 2003, the PCRA court again reinstated Appellant's right to file an appeal *nunc pro tunc* from the February 20, 2002 order dismissing his first PCRA petition. However, on February 10, 2004, this Court quashed Appellant's appeal, concluding that, "[b]ecause the PCRA petition [filed on December 18, 2002,] was untimely filed, … the [PCRA] court was without jurisdiction to grant *nunc pro tunc* appeal rights…." **Commonwealth v. Pazzeca**, No. 1919 EDA 2003, unpublished memorandum at 1 (Pa. Super. filed Feb. 10, 2004). On November 24, 2004, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Pazzeca**, 863 A.2d 1145 (Pa. 2004).

On March 24, 2016, Appellant filed his fourth, *pro se* PCRA petition, which was dismissed by the PCRA court on June 23, 2016. Appellant did not file an appeal. Instead, on July 13, 2016, Appellant filed his fifth, *pro se* PCRA petition, which underlies the present appeal. Therein, Appellant

contended that on May 12, 2016, he discovered, through an attorney named Kristine Michael, Esq., that his trial counsel, David Luvara, "had been committing crimes for another client that he represented during the time of … [Appellant's] … trial." PCRA Petition, 7/13/16, at 3. Appellant further explained that Luvara had pled guilty to several crimes, including intimidation of a witness and hindering apprehension or prosecution, and for those crimes, Luvara was subsequently disbarred. **See id.** Appellant essentially contended that Luvara's criminal conduct constituted newly discovered evidence that Luvara had ineffectively represented Appellant at trial.

On December 9, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as being untimely filed. Appellant filed a *pro se* response, but on January 24, 2017, the court issued an order dismissing his petition. Appellant filed a timely, *pro se* notice of appeal, and he also complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed a Rule 1925(a) opinion on April 11, 2017. Herein, Appellant raises four issues for our review, which we paraphrase as follows:

I.  Did the PCRA court err in dismissing Appellant's petition, without an evidentiary hearing, where Appellant has satisfied the timeliness exception of 42 Pa.C.S. § 95459(b)(1)(ii)?

II.  Did the PCRA court err in dismissing Appellant's PCRA petition where trial counsel acted ineffectively by committing crimes while representing Appellant?

III.    Did the Superior Court err in denying Appellant's "Application for Correction of the Original Record" in which Appellant sought to correct erroneous dates and information regarding David Luvara's criminal court docket sheets?

IV.    Was trial counsel ineffective for not calling to the stand Dr. Gerald Cook to testify as an expert witness at trial?

Appellant's Brief at 4-5.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on December 21, 2000. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, his current petition filed in July of 2016 is patently untimely, and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii) based on his discovering, from Kristine Michael, Esq., the criminal conviction and disbarment of his trial

counsel, David Luvara. While Appellant does not specify the date of Luvara's conviction, according to the Commonwealth, Luvara initially pled guilty to certain offenses in March of 2001, but he was then permitted to withdraw that plea, and he proceeded to trial in March of 2004, at the close of which he was again convicted. *See* Commonwealth's Brief at 30-31. Luvara was sentenced in June of 2004 to a term of probation, and he was later disbarred from the practice of law in 2008. *Id.* at 31. Appellant claims that Luvara's criminal record constitutes new evidence that Luvara acted ineffectively in representing Appellant at trial, and that because he filed his PCRA petition within 60 days of discovering this new information, he has satisfied section 9545(b)(1)(ii).

In response, the Commonwealth argues that Appellant has failed to demonstrate he could not have discovered this information about Luvara earlier, had he exercised due diligence. The Commonwealth stresses that Luvara's "arrest, conviction and subsequent disbarment are matters of public record, and, thus, are generally presumed 'knowable' to a PCRA petitioner." Commonwealth's Brief at 30 (citing **Commonwealth v. Chester**, 895 A.2d 520, 523 (Pa. 2006) (concluding that "the fact that trial counsel was arrested for DUI was a matter of public record and, therefore, cannot be said to have been 'unknown' to [the a]ppellant for purposes of the PCRA's 'newly discovered evidence' exception to the PCRA's one year jurisdictional time-bar")). Appellant, however, relies on **Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2015) (*en banc*), *aff'd* 158 A.3d 618 (Pa. 2017), to argue

that because he is *pro se*, the presumption that Luvara's public records were discoverable by him does not apply. He avers that those documents only became available when Attorney Michael provided them to him in March of 2016.

Appellant's argument is unconvincing. In **Burton**, we recognized the "Pennsylvania Supreme Court precedent holding that publicly available information cannot predicate a timeliness exception, beyond the 60-day grace period defined in Section 9545(b)(2). **Burton**, 121 A.3d at 1071 (citing **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) ("This Court has found matters of public record are not unknown.")). However, the **Burton** panel held "that the presumption of access to information available in the public domain does not apply where the untimely PCRA petitioner is *pro se*" and is incarcerated. **Burton**, 121 A.3d at 1073.

Here, while Appellant is *currently* incarcerated and is proceeding *pro se*, he was represented by two different attorneys over years in which the information regarding Luvara's conviction and disbarment was publicly available. Namely, as the Commonwealth summarizes,

> Appellant's counsel in his first PCRA action, Keith Williams, Esquire, was court-appointed in August of 2001, [and he] filed amended, counseled claims and represented Appellant at the PCRA evidentiary hearing in October [of] 2001 and through the untimely PCRA appeal, subsequently quashed by [the Superior] Court in October [of] 2002. Thereafter, Appellant was appointed new counsel in March [of] 2003, Robert Repko, Esquire, in his second PCRA action. New counsel filed an amended, counseled petition seeking re-instatement of an appeal from the denial of Appellant's first PCRA action, which was granted by the PCRA

court, but was subsequently quashed by this Court in February [of] 2004. Attorney Repko continued to represent Appellant through the denial of the petition for allowance of appeal in November [of] 2004, after [Luvara] had already been convicted and sentenced for the second time in the Philadelphia Court of Common Pleas.

Commonwealth's Brief at 32-33.

The PCRA court also concludes that the **Burton** exception does not apply in this case, as Appellant was represented at various points after Luvara's conviction became public information. **See** PCRA Court Opinion, 4/11/17, at 7-8. Thus, the PCRA court determined that Appellant failed to demonstrate he could not have discovered this information about Luvara sooner, had he (or his prior PCRA attorneys) exercised due diligence.

We ascertain no abuse of discretion or error of law in the court's decision. Because Appellant was represented by counsel at various points after Luvara's conviction became a matter of public record, we must presume that he had access to that public information. **See Burton**, 121 A.3d at 1071; **Taylor**, 67 A.3d at 1248; **Chester**, 895 A.2d at 523. Therefore, Appellant cannot meet the timeliness exception of section 9545(b)(1)(ii), and we do not have jurisdiction to address the substance of any of the issues he asserts herein.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/3/2018</u>