Commonwealth *v.* Bryant, Appellant.

44

Submitted September 12, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.*, Assistant Public Defender, for appellant.

*Stewart J. Greenleaf*, Assistant District Attorney, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., March 29, 1976:

On July 2, 1974, appellant Robert Bryant was an inmate of the State Correctional Institution at Graterford, serving a life sentence. At approximately 10:15 A.M., a psychologist's associate, Stanley Wayne Talley, informed appellant that he was to be moved from the prison's hospital to the Behavioral Adjustment Unit (the "Hole") by order of the director of treatment, because of

complaints about appellant's behavior in the hospital. Upon receipt of this information, appellant replied to Mr. Talley: "You black punk m..... f...er, I'll get you when I get back in population." Shortly after this exchange, appellant was led, hands cuffed in front, between two prison guards down a hospital corridor toward the BAU. As the three men proceeded down the corridor preceded by Mr. Talley, appellant suddenly rushed forward and struck Mr. Talley on the back of the neck, pushing him against the wall. As the result of this attack, Stanley Talley sustained a sprained right shoulder, a sprain of the collateral tendon of the right index finger, and a bruise on the right side of his face. These injuries caused him to miss work three hours one day and the greater part of one other day. Appellant was charged with simple assault and with assault by a life prisoner, was tried and convicted on November 27, 1974 by a judge sitting without a jury, and was sentenced the same day to the life sentence mandated by 18 Pa.C.S. §2704. Appeal was taken to our Court from the judgment of sentence.

Appellant first argues that the Commonwealth failed to prove the essential elements of 18 Pa.C.S. §2704 beyond a reasonable doubt; specifically, that the Commonwealth failed to prove that appellant used a "deadly weapon or instrument" upon Stanley Talley, or that appellant used "any means of force likely to produce serious bodily injury." We cannot accept this argument. Testimony of Stanley Talley and one of the guards who was escorting appellant at the time of the assault established that appellant struck his victim on the back of the neck, pushed him into the brick wall of the hospital corridor, and had to be physically subdued. Mr. Talley sustained injuries to his shoulder, face and finger severe enough to cause him to miss work several hours one day and most of another day. The appellant did not use a deadly weapon or instrument, however the blow to the back of the neck could very well have resulted in permanent disability or death. We find that this assault

was of a nature likely to produce serious bodily injury, and that the evidence was sufficient to support appellant's conviction of assault by a life prisoner.

Appellant further argues that the mandatory sentence of life imprisonment required by §2704 is in violation of the ban on cruel and unusual punishment imposed by the United States Constitution's Eighth Amendment and by Article I, Section 13 of Pennsylvania's Constitution. It is well settled that the fixing of penalties for crimes is a legislative function, *United States v. Wallace*, 269 F.2d 394, 398 (3d Cir. 1959), and it is a maxim of constitutional law that the legislature will be presumed to have acted within constitutional limits, *Atchison, Topeka, and Santa Fe R. Co. v. Matthews*, 174 U.S. 96, 104, 19 S. Ct. 612, 43 L.Ed. 909 (1899). It is also well established that the burden of demonstrating the unconstitutionality of a legislative enactment is upon the person alleging the act's unconstitutionality. *Bilbar Construction Company v. Easttown Township Board of Adjustment*, 393 Pa. 62, 70, 141 A.2d 851 (1958); *Commonwealth v. Sweeney*, 281 Pa. 550, 557, 127 A. 226 (1924); *Upsey v. Secretary of Revenue*, 193 Pa. Superior Ct. 466, 475, 165 A.2d 267 (1960). We therefore should not declare an act of assembly void unless its violation of the Constitution is so clear as to preclude doubt or hesitation. *Commonwealth v. Lukens*, 312 Pa. 220, 223, 167 A. 167 (1933). In the case before us, the legislature has sought fit to specify mandatory life imprisonment as punishment for assaults committed by prisoners already serving life terms. We do not believe that such punishment is so disproportionate to the offense as to amount to cruel and unusual punishment. Such punishment is clearly intended to serve as a deterrent, and it is not the province of this Court to substitute its judgment for the judgment of an assembly properly exercising its legislative powers.

Judgment affirmed.

SPAETH, J., concurs in the result.