## Commonwealth v. Sloat

*Thompson J. McCullough, Assistant District Attorney,* for Commonwealth.
*Raymond R. Smith,* for defendant.

BUCKINGHAM, *J.,* February 5, 1979—Defendant's pretrial motion challenges the constitutionality of section 3732 of Pennsylvania's Vehicle Code,

75 Pa.C.S.A. §3732. This section provides as follows:

"Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death."

Defendant argues that section 3732 violates the Fourteenth and Eighth Amendments to the United States Constitution, i.e., the amendments providing for equal protection of the laws and for due process and prohibiting cruel and unusual punishment.

Defendant first contends that section 3732 violates the constitutional guarantee of equal protection on the theory that it discriminates within the class of persons who violate traffic laws and have accidents by singling out only those persons involved in accidents resulting in death for punishment. He argues that the action of a violator of a traffic ordinance may be identical in two instances, and one violator is punished and the other not, depending upon consequences and circumstances beyond the violator's control, i.e., a resultant death of another individual.

If, indeed, Pennsylvania's Vehicle Code provided punishment for that action of one violator and no punishment for the identical action of another violator, then the Vehicle Code would be subject to challenge as a denial of the equal protection of the laws. Yet the answer to defendant's argument is that the action of each violator is in fact subject to punishment under the Vehicle Code.

Section 3732 does provide separately for the violator whose action in violation of the law while operating a motor vehicle causes the death of another. Does this separate treatment constitute a denial of the equal protection of the law? We think not.

It is well settled that not every difference in treatment amounts to a denial of equal protection. The difference in treatment must be without rational support before it amounts to a denial of equal protection: Com. v. Walters, 250 Pa. Superior Ct. 446, 378 A. 2d 1232 (1977).

The "rational support" underlying section 3732 is the clear legislative determination to punish criminal conduct, i.e., the violation of a traffic law, which unintentionally causes the death of another person. Thus the legislature has acted to fill the gap and to make punishable conduct which is more blameworthy than civil negligence yet which is not encompassed within involuntary manslaughter under the Pennsylvania Crimes Code with its requirement for acting in a reckless or grossly negligent manner while causing the death of another.

Defendant next contends that section 3732 violates the constitutional guarantee of due process on the ground of vagueness. He contends that in effect section 3732 merely states that one should not unintentionally violate any traffic law which might cause an accident. From this premise, he argues that simple negligence or an error in judgment is what is proscribed in section 3732.

Defendant misreads section 3732 which does not purport to prohibit the unintentional violation of a traffic law which might cause an accident, nor does section 3732 prohibit simple negligence or an error in judgment. Instead, section 3732 proscribes *unintentionally causing the death of another person*

*while engaged in violation of a traffic law.* Thus, for example, careless driving which causes the death of another does not make out a case for prosecution under section 3732, for careless driving is not a violation of Pennsylvania's Vehicle Code.

The real due process issue is whether section 3732 gives reasonable notice of the conduct which it proscribes so as to inform the average person of the actions which are prohibited thereunder. In making this determination, section 3732 is not "to be tested against paradigms of legislative draftsmanship . . . Rather, the requirements of due process are satisfied if the statute in question contains *reasonable* standards to guide the prospective conduct." Com. v. Heinbaugh, 467 Pa. 1, 354 A. 2d 244 (1976).

The standard of section 3732 to guide prospective conduct is manifestly clear and manifestly reasonable, i.e., obey the traffic laws which each and every driver is presumed to know when he operates a vehicle upon the highways of Pennsylvania. There is nothing subtle or abstruse in section 3732. It certainly and definitely informs an accused of the acts which it is intended to prohibit.

Finally, defendant contends that section 3732 provides cruel and unusual punishment in that it provides for a maximum term of imprisonment of five years which, he argues, is grossly disproportionate to the severity of the underlying crime of a simple violation of a traffic ordinance. Once it is understood that section 3732 provides a punishment for criminal conduct which causes the death of another person, then such argument is clearly meritless.

It is well settled that the fixing of penalties for crimes is a legislative function: United States v. Wallace, 269 F. 2d 394, 398 (3d Cir. 1959). "It is

also a maxim of constitutional law that the legislature will be presumed to have acted within constitutional limits, upon full knowledge of the facts, and with the purpose of promoting the interests of the people as a whole, and courts will not lightly hold that an act duly passed by the legislature was one in the enactment of which it has transcended its power." Atchison, Topeka and Santa Fe R. Co. v. Matthews, 174 U.S. 96, 104, 19 S. Ct. 609, 43 L.Ed. 909 (1899). It is also well settled that the burden of demonstrating the unconstitutionality of a legislative enactment is upon the person alleging the act's unconstitutionality: Bilbar Construction Company v. Easttown Township Board of Adjustment, 393 Pa. 62, 141 A. 2d 851 (1958). A court should not declare an act of assembly void unless its violation of the Constitution is """plain, clear and palpable, so as to preclude doubt or hesitation."""" Com. v. Lukens, 312 Pa. 220, 167 Atl. 167 (1933).

In the case of section 3732 the legislature has seen fit to classify homicide by vehicle as a misdemeanor of the first degree. The punishment is clearly intended to serve as a deterrent to the violation of traffic laws leading to the steadily growing carnage with which we are all too familiar. It is not the province of a court to substitute its judgment for the judgment of an assembly properly exercising its legislative powers: Com. v. Bryant, 239 Pa. Superior Ct. 43, 361 A. 2d 350 (1976). The Bryant court also relied on the cases we have just cited.

We recognize that the Montgomery County Court has recently held section 3732 unconstitutional on the following basis:

"Involuntary manslaughter's counterpart in the new code is homicide by vehicle. Both penal sanctions remain viable. Each offense is a misdemeanor

of the first degree carrying identical penalties and sanctions. The former requires recklessness or grossly negligent conduct; the latter encompasses any violation. Some degree of culpability must have been contemplated in the legislative plan to provide similar penalties. Otherwise, virtually every motor vehicle accident involving a fatality could invoke severe criminal penalties." Com. v. Barone, 104 Montg. 341 (1978), which has been appealed to the Superior Court.

While the fact that the two crimes call for the same penalties also gives us some pause, we are not persuaded that this is a sufficient ground to declare section 3732 unconstitutional. In view of the foregoing, we shall enter an order dismissing defendant's pretrial motion to dismiss the charge against him.

### ORDER

And now, February 5, 1979, defendant's motion to dismiss the charge against him is overruled and dismissed. An exception is granted to defendant.