431 A.2d 335

**COMMONWEALTH of Pennsylvania**

v.

**James Henry COBBS, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1980.

Filed June 19, 1981.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County by the defendant-appellant, James Henry Cobbs, after conviction by a jury of assault by a life prisoner (*Para. 2704, Pa.Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S.A. 2704*); and from the denial of post-trial motions. He was sentenced to serve a concurrent life sentence.

The facts reviewed in the light most favorable to the Commonwealth established that the defendant, serving a life sentence in Graterford Prison, was involved in a fight with another inmate, Walter Brown. After guards intervened, and while Brown was restrained by a guard, Cobbs continued his attack and stabbed Brown in the forehead. He then dropped the knife and was taken into custody.

At a preliminary hearing that was held on December 27, 1978, the charges were dismissed. He was rearrested on January 5, 1979 on the same charges. A second preliminary hearing was held after which the defendant was held for trial.

His first complaint on appeal, is that the court erred in denying defendant's motion to quash the criminal transcript for failure to comply with Pa.Rules of Crim.Pro. 141(d).

The rule provides as follows:

"If a prima facie case of the defendant's guilt is not established at the preliminary hearing . . . the issuing authority shall discharge the defendant, and if he finds that the prosecution was brought without probable cause, the issuing authority shall order affiant to pay the cost of the prosecution. No further proceedings may be had before any issuing authority on the same cause until the affiant in the original proceeding has repaid the costs."

The rule does not apply in this case because the District Justice had not determined that the original prosecution "was brought without probable cause". The record indicates that the reason the charges were dismissed was due to the refusal of the victim to testify at the original hearing so that no costs were assessed as required by the rule. The Commonwealth was free to initiate a new criminal proceeding. *Commonwealth v. Cartagena*, 482 Pa. 6, 16, 393 A.2d 350, 355 (1978).

In *Cartagena, supra*, the Supreme Court stated: "In the instant case, the first prosecution was dismissed because of the failure to establish a prima facie case and not because of the lack of probable cause to institute the criminal proceedings."

It should be pointed out that the rule in question has been amended to delete the requirement that the prosecution must first pay the costs before another preliminary hearing can be held. It was so amended on April 26, 1979 to be effective on July 1, 1979. Although the rule is procedural, we do not have to decide in this case that it is retroactive in view of *Cartagena,* supra.

At trial, the victim was called as a Commonwealth witness. After he refused to answer a preliminary question, the jury was excused. He then invoked the Fifth Amendment privilege against self incrimination. Defendant requested that the jury be advised that the witness had invoked the privilege. The court refused and the defendant claims error. The court simply advised the jury that Brown refused to testify.

■ The judge below properly refused to charge that an inference could be drawn from the failure of the victim to testify where the reason for such failure was the invocation of his Fifth Amendment rights.

As the Supreme Court stated in *Commonwealth v. Greene,* 445 Pa. 228, 285 A.2d 865 (1971):

"Reviewing the principle that the jury may not draw any inference from a witness' exercise of his constitutional rights whether the inference be favorable to the prosecution or the defense, the court applied the corollary to this rule that a witness should not be placed on the stand for the purpose of having him exercise his privilege before the jury."

The court below commenting on *Greene,* said:

"A fortiori, if a witness does exercise the privilege out of the hearing of the jury, the jury should not be informed of that fact. In fact in such a situation the court in *Greene* said the court should give a neutralizing instruction to reduce the danger of the jury drawing any inference from the absence of such a witness."

■ The contention of the defendant that the verdict was against the weight of the evidence is without merit. *Com-*

*monwealth v. Clark,* 454 Pa. 329, 331, 311 A.2d 910, 911 (1973). Even if the jury would find that Brown instigated the scuffle, the fact that the defendant stabbed Brown while he was being restrained by a prison guard and was no threat to the defendant negates any claim of self defense.

■ The claim that the court erred in refusing to rule that the Commonwealth failed to prove that he was serving a life sentence at the time of the incident is without merit. As the court below held:

"Section 2704 of the Crimes Code proscribes aggravated assault by one 'who has been sentenced to life imprisonment . . . and whose sentence has not been commuted. . .' As noted, defendant contends that the Commonwealth failed to establish that his life sentence had *not* been commuted, and thus the charge was demurrable—we disagree. A life sentence and a life sentence that has not been commuted are one and the same. To state it another way, a life sentence which has been commuted is no longer a life sentence in being. Therefore, the Commonwealth did prove beyond a reasonable doubt that defendant was serving a life sentence through the records officer of the State Correctional Institution at Graterford, who so testified."

Judgment of sentence affirmed.