J-A01034-20

2020 PA Super 44

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES HENRY COBBS | : | |
| | : | |
| Appellant | : | No. 3339 EDA 2018 |

Appeal from the PCRA Order Entered October 23, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000287-1979

BEFORE: NICHOLS, J., MURRAY, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                    **FILED FEBRUARY 24, 2020**

Appellant, James Henry Cobbs, appeals from the order of the Court of Common Pleas of Montgomery County (trial court) that dismissed his petition filed under the Post Conviction Relief Act (PCRA)[1] as untimely. Appellant's PCRA petition sought relief from a sentence of life imprisonment without parole under 18 Pa.C.S. § 2704, which imposes a mandatory life sentence for assaults by prisoners under life sentence, based on ***Miller v. Alabama***, 567 U.S. 460 (2012) and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016) and their effect on Appellant's prison assault conviction. Appellant was an adult at the time of the prison assault, but was under the age of 18 when he committed the underlying crime for which he was serving the life sentence

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

that made 18 Pa.C.S. § 2704 and a mandatory life sentence applicable to the assault. We conclude that Appellant's PCRA petition was not untimely, but affirm the dismissal of the PCRA petition on the ground that it fails on the merits.[2]

In 1970, when he was 17 years old, Appellant participated in a robbery in which the victim was stabbed to death. Appellant was convicted of first-degree murder and sentenced to life imprisonment without parole for that crime in the Court of Common Pleas of Allegheny County (the Allegheny County case).

On December 18, 1978, when he was 25 years old and was serving the Allegheny County case life without parole sentence at SCI-Graterford, Appellant stabbed another inmate in the forehead in a fight. Appellant was convicted by a jury of assault by a life prisoner on May 31, 1979, and was sentenced to life without parole for this crime in accordance with 18 Pa.C.S. § 2704, with that sentence concurrent to his Allegheny County case life sentence. There was evidence at trial that the other inmate had instigated the fight, but the evidence also showed that Appellant continued the fight and stabbed the other inmate after the other inmate was being restrained by a

---

[2] We may affirm a trial court's decision if there is a proper basis for the result reached, even if it is different than the basis relied upon by the trial court. *Generation Mortgage Co. v. Nguyen*, 138 A.3d 646, 651 n.4 (Pa. Super. 2016); *In re Estate of Rood*, 121 A.3d 1104, 1105 n.1 (Pa. Super. 2015).

- 2 -

prison guard. ***Commonwealth v. Cobbs (Cobbs I)***, 431 A.2d 335, 337 (Pa. Super. 1981).

Appellant appealed the assault by a life prisoner conviction and this Court affirmed the conviction on June 19, 1981. ***Cobbs I***, ***supra***. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 4, 1982. 181 E.D. Allocatur Docket 1982. In 1986, Appellant filed a petition under the former Post Conviction Hearing Act (PCHA), 42 Pa.C.S. §§ 9541-9551 (superseded), which the trial court denied. This Court affirmed the denial of Appellant's PCHA petition and the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Cobbs***, 528 A.2d 255 (Pa. Super. 1987) (unpublished memorandum), ***appeal denied***, 539 A.2d 810 (Pa. 1987).

Appellant filed the instant PCRA petition on August 20, 2012, 56 days after the United States Supreme Court held in ***Miller*** that mandatory life without parole sentences are unconstitutional where the defendant was under the age of 18 at the time of the crime. On February 11, 2013, the trial court issued a notice of its intent to dismiss Appellant's petition without a hearing as untimely. Appellant filed a *pro se* response to this notice arguing that the PCRA petition was timely because it was filed within 60 days of the ***Miller*** decision. 2013 Response to Notice of Intent to Dismiss ¶2. The trial court took no further action on the PCRA petition at that time.

On March 22, 2016, 57 days after the United States Supreme Court's decision in *Montgomery v. Louisiana* holding that *Miller* applies retroactively, counsel entered an appearance for Appellant and filed a request for leave to file an amended PCRA petition. The trial court granted this request in December 2016 and an amended PCRA petition was filed on December 30, 2016. Because Appellant had filed a PCRA petition in the Allegheny County case challenging his underlying life without parole sentence under *Miller* and *Montgomery v. Louisiana*, the trial court ordered that this PCRA petition be held in abeyance pending resolution of that Allegheny County case PCRA petition. On September 19, 2017, Appellant was resentenced in the Allegheny County case to 40 years to life for the 1970 murder that he committed when he was 17.

On October 4, 2017, the trial court issued an order granting Appellant leave to file a further amended PCRA petition and Appellant filed a second amended PCRA petition and supporting brief on November 17, 2017. In this second amended PCRA petition and supporting brief, Appellant asserted that *Miller*, *Montgomery v. Louisiana* and the September 2017 Allegheny County case resentencing eliminated his status as a life prisoner under 18 Pa.C.S. § 2704, and that the PCRA petition was timely under 42 Pa.C.S. § 9545(b)(1)(iii) because it was filed within 60 days after the *Miller* decision and was pending when *Montgomery v. Louisiana* made *Miller* retroactive and when Appellant's underlying life without parole sentence in the Allegheny

County case was set aside. Second Amended PCRA Petition & Brief ¶¶15-17, 22-24, 27-31, & pp. 6-8. The Commonwealth moved to dismiss the PCRA petition and the trial court on October 5, 2018, issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing on the ground that it was untimely. Appellant timely responded to the Pa.R.Crim.P. 907 notice making arguments similar to those in the second amended PCRA petition and supporting brief. 2018 Response to Notice of Intent to Dismiss ¶¶4, 13-15, 20-22, 25-27, 31, & pp. 5-9. On October 23, 2018, the trial court dismissed the PCRA petition as untimely. This timely appeal followed.

Appellant presents the following single issue for our review:

Did the lower court err in denying James Cobbs relief under Pennsylvania's Post-Conviction Relief Act where James timely challenged his unconstitutional conviction and sentence of "Assault by Life Prisoner" that resulted in a mandatory life sentence, where a newly-recognized constitutional right was retroactively applied to James and nullified the life sentence on which the conviction and life without parole sentence was predicated and where James took every reasonable measure to pursue his claim in a timely fashion?

Appellant's Brief at 2.

As a threshold matter, we must address whether the PCRA petition at issue in this appeal was timely filed. We conclude that it was.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be

- 5 -

filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* At the time of all events relevant to this PCRA petition, Section 9545(b)(2) required that a PCRA petition invoking an exception "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (in effect January 16, 1996 to December 23, 2018).[3] The PCRA's time limit is mandatory and jurisdictional, and a court may not ignore it and reach the merits of the PCRA petition, even where the convicted defendant claims that his sentence is unconstitutional and illegal. ***Commonwealth v. Fahy***, 737

---

[3] In 2018, Section 9545(b)(2) was amended to provide that a PCRA petition invoking an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 2. The Act amending Section 9545(b)(2) provided that the one-year period applies only to timeliness exception claims arising on or after December 24, 2017. Act of October 24, 2018, P.L. 894, No. 146, §§ 3, 4. The events on which Appellant claims timeliness exceptions are the 2012 ***Miller*** decision, the 2016 ***Montgomery v. Louisiana*** decision and Appellant's September 2017 Allegheny County case resentencing. Because all of these occurred prior to December 2017, the 60-day rather than the one-year period applies here.

- 6 -

A.2d 214, 223 (Pa. 1999); *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018); *Commonwealth v. Woods*, 179 A.3d 37, 43 (Pa. Super. 2017).

Appellant's judgment of sentence became final on September 2, 1982, upon the expiration of the ninety-day period to seek review with the United States Supreme Court after the denial of his petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. This PCRA petition, filed over 29 years later, is untimely unless one of the three Section 9545(b)(1) timeliness exceptions applies. Appellant pled in his PCRA petition and argues in this Court that the PCRA petition is timely under Section 9545(b)(1)(iii)'s exception for newly recognized constitutional rights. We agree.

The timeliness exception for newly recognized constitutional rights applies only where the defendant is entitled to relief under the holding of a United States or Pennsylvania Supreme Court decision. 42 Pa.C.S. § 9545(b)(1)(iii); *Commonwealth v. Lee*, 206 A.3d 1, 9-11 (Pa. Super. 2019) (*en banc*); *Commonwealth v. Furgess*, 149 A.3d 90, 93-94 (Pa. Super. 2016). Arguments that a decision of the United States or Pennsylvania Supreme Court must be extended to apply to other types of cases do not satisfy the requirements of Section 9545(b)(1)(iii) of the PCRA. *Lee*, 206 A.3d at 9-11; *Commonwealth v. Montgomery*, 181 A.3d 359, 366-67 (Pa. Super. 2018) (*en banc*); *Furgess*, 149 A.3d at 94; *Commonwealth v. Lawson*, 90 A.3d 1, 6-8 (Pa. Super. 2014).

- 7 -

Here, the United States Supreme Court recognized a new constitutional right in **Miller**, that mandatory life imprisonment without parole is unconstitutional for crimes committed when the defendant was under the age of 18, and held that right retroactive in **Montgomery v. Louisiana**. That right applied to Appellant without extension beyond the Supreme Court's holdings and his Allegheny County case life imprisonment without parole sentence was therefore set aside based on **Miller** and **Montgomery v. Louisiana**. Because Appellant is challenging his assault by a life prisoner conviction on the ground that **Miller** and **Montgomery v. Louisiana** invalidated a predicate on which that conviction necessarily depended,[4] he is not seeking to extend these decisions to a new class of defendants or cases, but is raising an issue that arises based on the alleged direct effect of the newly recognized and retroactive constitutional right on his conviction. We therefore conclude that Appellant's PCRA petition is based on "a constitutional right that was recognized by the Supreme Court of the United States … after the time period provided in this section [that] has been held by that court to apply retroactively." Because Appellant filed this PCRA petition within 60 days of the United States Supreme Court's decision in **Miller** and it remained

_____

[4] If, in contrast, Appellant were asserting an argument that it is unconstitutional to consider his conviction as a juvenile as a basis for a life without parole sentence for his prison assault as an adult, that would be an extension of **Miller** and **Montgomery v. Louisiana** that cannot be raised under 9545(b)(1)(iii). **Lawson**, 90 A.3d at 6-8.

pending when *Montgomery v. Louisiana* was decided and when he was resentenced under those decisions, it was timely filed.

The fact that Appellant's PCRA petition was timely filed does not, however, require the conclusion that the unconstitutionality of his life without parole murder sentence under *Miller* and *Montgomery v. Louisiana* invalidates his conviction under 18 Pa.C.S. § 2704 for an assault committed more than 30 years before that murder sentence was set aside. Whether *Miller* and *Montgomery v. Louisiana* affect Appellant's assault by a life prisoner conviction turns on two issues: 1) whether a subsequent vacating of the underlying life sentence affects the validity of an assault by a life prisoner conviction for an assault that occurred while the life sentence was in effect; and if so, 2) whether Appellant's current sentence of 40 years to life constitutes a sentence of "life imprisonment" under 18 Pa.C.S. § 2704.

Section 2704 provides, and provided at the time of Appellant's prison assault and conviction for that assault,

> Every person who has been sentenced to death or life imprisonment in any penal institution located in this Commonwealth, and whose sentence has not been commuted, who commits an aggravated assault with a deadly weapon or instrument upon another, or by any means of force likely to produce serious bodily injury, is guilty of a crime, the penalty for which shall be the same as the penalty for murder of the second degree.

18 Pa.C.S. § 2704.[5]   The penalty for murder of the second degree is life imprisonment without parole.   18 Pa.C.S. § 1102(b).   The mandatory life sentence imposed by Section 2704 has been upheld as constitutional by this Court.  **Commonwealth v. Dessus**, 396 A.2d 1254, 1257 (Pa. Super. 1978); **Commonwealth v. Bryant**, 361 A.2d 350, 351-52 (Pa. Super. 1976).   The purpose of Section 2704 is to deter prisoners already serving life sentences from committing assaults in prison.  **Dessus**, 396 A.2d at 1257; **Bryant**, 361 A.2d at 352.

Although no appellate decisions have addressed the issue of the effect of unconstitutionality or other subsequent invalidation of the underlying life sentence on a conviction for assault by a life prisoner,[6] both the language of Section 2704 and its deterrent purpose strongly support the conclusion that it is the existence and status of the life sentence at the time of the assault that is an element of the crime and that subsequent invalidation of that sentence

---

[5] Section 2704 was amended in 1998 to add language including intentional exposure to infected bodily fluids in this offense, but no change was made in the applicable language quoted above.

[6] The only issues under Section 2704 that have been addressed by our appellate courts, other than the constitutionality of the statute and its purpose, are whether particular assaults satisfied the element of "an aggravated assault with a deadly weapon or instrument upon another, or by any means of force likely to produce serious bodily injury," and whether testimony of a prison records officer is sufficient proof that the defendant was under an uncommuted life sentence.  **Cobbs**, 431 A2d at 337; **Dessus**, 396 A.2d at 1261-62; **Bryant**, 361 A.2d at 351.

does not negate this element. Section 2704 provides that it applies to a defendant "who **has been** sentenced to … life imprisonment … and whose sentence **has not been** commuted," 18 Pa.C.S. § 2704 (emphasis added), which refer to the defendant's status at the time of the assault without regard to future events. The statute does not contain any language requiring that the life sentence be upheld by the courts or limiting its effect in the event of a subsequent reversal, vacatur, or commutation of the underlying conviction or sentence. Deterrence can only apply to the situation existing and known to the defendant at the time of the assault. Indeed, the deterrent value of the statute's life sentence would be strongest if it applies to assaults committed under a life sentence that was later vacated. A life sentence for the prison assault imposes no actual additional punishment on a defendant who remains under an earlier life without parole sentence, but does impose an additional serious consequence if the life sentence for the prison assault remains valid even if the underlying life sentence is vacated or reduced.

Moreover, in the analogous situation of firearms statutes that define a crime based on the defendant's status as having been convicted of certain offenses, both our Supreme Court and the United States Supreme Court and federal courts have held that the firearms conviction is not affected by a subsequent reversal of, expungement of, or constitutional challenge to the predicate conviction. ***Commonwealth v. Stanley***, 446 A.2d 583, 588 n. 6 (Pa. 1982) (subsequent reversal of murder conviction on which illegal

possession of firearms charge was based did not affect proof of illegal possession of firearms charge because defendant was "an individual convicted of a 'crime of violence' at the time he was charged with possessing the firearm"); *Lewis v. United States*, 445 U.S. 55, 59-65 (1980) (fact that prior conviction was constitutionally invalid because of denial of right to counsel was not a defense to federal firearms charge where prior conviction had not been set aside at time of the offense); *United States v. Julian*, 974 F. Supp. 809, 815-17 (M.D.Pa. 1997), *aff'd without opinion*, 168 F.3d 480 (3d Cir. 1998) (the subsequent setting aside of a conviction for lack of jurisdiction and expungement of the conviction "after an arrest for possession of a firearm by a felon does not 'relate back' and render the firearm possession lawful"). Unconstitutionality of such a predicate conviction does not require the invalidation the later conviction where the later conviction is based on the existence of the predicate conviction, not its reliability or validity. *Lewis*, 445 U.S. at 65-67.

We therefore conclude that only the defendant's sentence status at the time of the assault is relevant to a conviction for assault by a life prisoner and that a later reversal of the life sentence or determination that the life sentence is unconstitutional has no effect on the validity of a conviction under Section 2704. The fact that Appellant's underlying life without parole sentence has now been set aside as unconstitutional does not change the fact that he was serving such a sentence at the time that he committed the assault. It

therefore cannot provide grounds for PCRA relief from his assault by a life prisoner conviction. In light of our ruling on this issue, we need not determine whether the sentence of 40 years to life that Appellant is still serving constitutes a sentence of "life imprisonment" under 18 Pa.C.S. § 2704.

We recognize that it appears anomalous that Appellant can be released on parole from a murder sentence and is subject to life imprisonment without parole for a non-life-threatening assault. That, however, is a product of the fact that Appellant was a juvenile when he committed the murder and that the Legislature has imposed a mandatory life without parole sentence for the prison assault that he committed as an adult. Absent an overruling of this Court's precedents upholding the constitutionality of the mandatory life without parole sentence imposed by Section 2704, a claim that is neither before this Court nor within the power of a panel of this Court, Appellant's assault by a life prisoner conviction and life without parole sentence for that conviction remain valid. Appellant's arguments concerning his rehabilitation and the inappropriateness of life imprisonment without parole under the facts of his case are matters that must be directed to the Board of Pardons and Governor, not to this Court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/20