J-S44034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HENRY MIGUEL ZABALA-ZORILLA | : | |
| | : | |
| Appellant | : | No. 474 MDA 2020 |

Appeal from the PCRA Order Entered March 3, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002404-2012

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED OCTOBER 22, 2020**

Henry Miguel Zabala-Zorilla (Appellant) appeals *pro se* from the order entered in the Berks County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely filed. On appeal, Appellant seeks relief on his claims that: (1) the Commonwealth committed a **Brady**[2] violation by not disclosing one victim's criminal history; and (2) his requirement to register under the Sex Offender Registration and Notification

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

Act[3] (SORNA) should be vacated pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). We affirm.

Appellant was charged at three dockets for separate incidents, in 2010 and 2011, in which he held victims against their will in his residence and raped or sexually violated them.[4] A jury trial on all dockets commenced on March 19, 2013. Pertinently, one of the victims, M.C., who was held against her will for approximately 15 hours, testified at trial "that she screamed for help during her ordeal." **Commonwealth v. Zabala-Zorilla**, 841 MDA 2016 (unpub. memo. at 9) (Pa. Sup. Jun. 1, 2018) (PCRA appeal), *appeal denied*, 417 MAL 2018 (Pa. Dec. 18, 2018); **Commonwealth v. Zabala-Zorilla**, 1014 MDA 2013 (unpub. memo. at 2) (Pa. Sup. Mar. 25, 2014) (direct appeal), *appeal denied*, 254 MAL 2014 (Pa. Oct. 15, 2014),

Appellant was found guilty by a jury of rape, involuntary deviate sexual intercourse[5] (IDSI), and related offenses. On May 3, 2013, the trial court

---

[3] 42 Pa.C.S. §§ 9799.10 to 9799.41.

[4] Appellant was found guilty of the charges at trial dockets CP-06-CR-0002404-2012 (Docket 2404) and CP-06-CR-0003321-2012 (Docket 3321). At CP-06-CR-0004971-2012, the jury found Appellant not guilty of charges regarding one victim, but the jury was hung as to charges involving a second victim. Order & Notice of Intent to Dismiss, 12/17/19, at 2. Appellant's direct appeal, first PCRA appeal, and the underlying second PCRA petition were filed under both Dockets 2404 and 3321. However, the instant appeal is taken under Docket 2404 only.

[5] 18 Pa.C.S. §§ 3121(a), 3123(a)(1).

imposed an aggregate sentence of 84½ to 169 years' imprisonment. Appellant's convictions subjected him to lifetime registration under SORNA.[6] Appellant filed a post-sentence motion, which was denied.

On direct appeal, this Court affirmed the judgment of sentence on March 25, 2014, and the Pennsylvania Supreme Court denied allowance of appeal on October 15, 2014. *Zabala-Zorilla*, 1014 MDA 2013.

On October 8, 2015, Appellant filed a timely, counseled first PCRA petition, which was denied. On appeal, this Court affirmed, and our Supreme Court denied allowance of appeal on December 18, 2018. *Zabala-Zorilla*, 841 MDA 2016.

Less than one month thereafter, Appellant filed the underlying *pro se* PCRA petition, his second, on January 8, 2019. The petition alleged: (1) the Commonwealth failed to disclose, before and during trial, victim M.C.'s "criminal history and *crimen* falsi convictions . . . , which contained impeaching evidence;" and (2) Appellant "was unlawfully sentenced under SORNA, in violation [of *Muniz*,] which held that SORNA violates the Pennsylvania and United States' Constitutions' 'Ex Post Facto' prohibitions." Appellant's Petition for Postconviction Relief, 1/8/19, at 4 (unpaginated). The petition further alleged, without discussion, that it was timely under the newly-discovered fact

---

[6] *See* 42 Pa.C.S. §§ 9799.14(d)(2), (4) (rape and IDSI are Tier III offenses), 9799.15(a)(3) (individual convicted of a Tier III sexual offense shall register for life).

and newly-recognized constitutional right exceptions of the PCRA. **Id.**, *citing* 42 Pa.C.S. § 9545(b)(1)(ii), (iii).

On December 17, 2019, following a response from the Commonwealth, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Appellant filed a *pro se* response, but on March 3, 2020, the PCRA court dismissed the petition, finding neither of Appellant's claims established a PCRA timeliness exception.[7] Appellant filed a timely notice of appeal. Following an extension of time granted due the COVID-19 pandemic, he also filed a timely court-ordered Pa.R.A.P. 1925(b) statement.[8]

---

[7] The trial docket did not include any appointment of counsel for the instant PCRA petition. However, on March 10, 2020 — seven days **after** the PCRA court dismissed Appellant's petition — Osmer Deming, Esquire, Appellant's counsel for his prior PCRA petition, filed a petition to withdraw as counsel. **See** Trial Docket at 28. The PCRA court granted this petition on March 13th, two days after Appellant filed a notice of appeal.

[8] On May 1, 2020, Appellant filed a *pro se* request in this Court for Spanish-speaking counsel. This Court remanded to the PCRA court to determine whether Appellant was entitled to counsel. On June 8th, the PCRA court responded that Appellant did not require a Spanish-speaking attorney, noting it "is uniquely familiar with . . . his numerous motions and correspondence that have all been thoroughly prepared in English." Trial Court's Response, 6/8/20. **See also Zabala-Zorilla**, 841 MDA 2016 (unpub. memo. at 7-8) (stating "Appellant is largely responsible for the delay in this appeal," where: his request to proceed *pro se* resulted in a remand, **Grazier** hearing, and permission to proceed *pro se*; Appellant "sought several extensions of time to file [a] brief;" but then "demanded appointment of a Spanish-speaking attorney, and obtained a second remand for a second **Grazier** hearing, after which the court appointed current counsel and an interpreter;" and Appellant filed a motion for substitution of counsel, which was denied).

Appellant presents three issues for our review:

I.  Whether the lower court erred in finding the Commonwealth violated Appellant's Fourteenth Amendment due process rights [sic], when it failed to disclose to the defense at any stage (pretrial or trial) the complete criminal history and criminal [sic] falsi convictions of Commonwealth witness [M.C.], which contained impeachment evidence which was material and favorable to the defense.

II.  Whether the lower court erred in finding that Appellant is not entitled to relief based on the Pennsylvania Supreme Court's decision in [**Muniz**]?

III.  Whether the lower court erred in finding that the instant PCRA petition is untimely filed under the purview of 42 Pa.C.S. § 9545(b)(1)(ii) & 42 Pa.C.S. § 9545(b)(1)(iii).

Appellant's Brief at 4.[9]

We first set forth relevant authority for reviewing the timeliness of a PCRA petition.  "In reviewing the grant or denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."  **Commonwealth v. Burton**, 158 A.3d 618, 627 n.13 (Pa. 2017).

Pursuant to 42 Pa.C.S. § 9545(b)(1), any PCRA petition, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final.  The PCRA's time restrictions are jurisdictional in nature, and a court may not entertain untimely PCRA petitions.

**Id.** at 627 (citation omitted).  A PCRA petition may be filed beyond the general one-year filing period if the petitioner proves, *inter alia*:

---

[9] We have reordered Appellant's issues for ease of review.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(ii)-(iii). Pursuant to the prior version of Subsection 9545(b)(2), applicable in this matter, Appellant's petition invoking these exceptions was to be filed within 60 days "of the date the claim could have been presented."[10] **See** 42 Pa.C.S. § 9545(b)(2), 1995, *amended by* Act 2018-146 (S.B. 915), § 2, *approved* Oct. 24, 2018, *eff.* Dec. 24, 2018.

In the case *sub judice*, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, on direct appeal, on October 15, 2014. Appellant then had 90 days, or until January 13, 2015, to file a writ of *certiorari* with the United States Supreme Court. **See** Sup. Ct. R. 13. Because he did not seek such review, his judgment of sentence became final for PCRA purposes on that date. **See** 42 Pa. C.S. § 9545(b)(3). Appellant then

_____

[10] "In 2018, [Sub]section 9545(b)(2) was amended to provide that a PCRA petition invoking an exception 'shall be filed within one year of the date the claim could have been presented.'" **Commonwealth v. Cobbs**, 230 A.3d 388, 391 n.3 (Pa. Super. 2020). This amendment "applies only to timeliness exception claims arising on or after December 24, 2017." **Id.** As we discuss *infra*, the events on which Appellant claims relief are the alleged April 4, 2017, disclosure of M.C.'s criminal history and the Pennsylvania Supreme Court's July 19, 2017, decision in **Muniz**. Thus, Appellant's instant PCRA petition is governed by the former version of Subsection 9545(b)(2). **See id.**

generally had one year, until January 13, 2016, to file a PCRA petition. *See* 42 Pa. C.S. § 9545(b)(1). Appellant acknowledges the instant petition was filed after that date, on January 18, 2019, but avers he has established relief under the timeliness exceptions. Appellant's Brief at 9-10. We disagree.

In his first issue, Appellant avers the PCRA court erred in denying relief on his ***Brady*** claim that the Commonwealth improperly withheld M.C.'s criminal history. Appellant asserts "a complaint [was] filed against [M.C.] for violating a 'PFA,' where [M.C.] made false rape allegations against a former boyfriend, similar to the allegations made against Appellant." Appellant's Brief at 14. Appellant claims M.C. "was an important component of the Commonwealth's case and evidence tending to impeach her testimony was critical to the defense." ***Id.*** at 17. He also contends, without further discussion, that "such evidence would likely have changed the outcome of the trial." ***Id.*** at 18. Additionally, Appellant alleges his brother disclosed M.C.'s criminal history to him on April 4, 2017, when "he was still . . . litigating his first PCRA petition and was [thus] barred from raising a subsequent PCRA." Appellant's Brief at 11, *citing* ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) ("We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."). Appellant then reasons he filed the instant petition at his earliest opportunity,

and within 60 days of the Pennsylvania Supreme Court's denial of allowance of appeal of his first PCRA petition. Appellant's Brief at 13. No relief is due.

A ***Brady*** claim "alleges a failure by the Commonwealth to produce material evidence, and requires a petitioner to demonstrate that: (1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the petitioner; and (3) the suppression prejudiced the petitioner." ***Burton***, 158 A.3d at 628 n.14. A ***Brady*** claim will not afford a petitioner "relief if he either knew of the existence of the evidence in dispute or could have discovered it by exercising reasonable diligence." ***Commonwealth v. Smith***, 17 A.3d 873, 902 (Pa. 2011). When a PCRA petitioner raises a ***Brady*** claim and invokes the newly-discovered fact exception at Subsection 9545(b)(1)(ii), they

> must establish that: 1) "the facts upon which the claim was predicated were unknown" and (2) "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Burton***, 158 A.3d at 628 (emphases omitted).

Here, the PCRA court found, in its Rule 907 notice, Appellant failed to establish a newly-discovered fact, where his "own averments show that he was personally able to obtain the information about" M.C., which "seems to

- 8 -

strongly suggest that the exercise of due diligence would have resulted in the discovery of the evidence."[11] Order & Notice of Intent to Dismiss at 7.

On appeal, Appellant does not address, let alone refute, the PCRA court's analysis. He merely avers, without any discussion, that M.C.'s "criminal history . . . was disclosed to [him] by his brother on April 4, 2017." Appellant's Brief at 11. We agree with the court's reasoning. Appellant, who was represented by counsel in the trial proceedings, does not explain why the criminal history of M.C. — a matter of public record concerning a complaining witness who would testify against him at trial — "could not have been ascertained by the exercise of due diligence." *See* 42 Pa.C.S. § 9545(b)(1)(ii); *Burton*, 158 A.3d at 628; *Smith*, 17 A.3d at 902. Accordingly, we agree Appellant has failed to properly plead the Subsection 9545(b)(1)(ii) newly-discovered fact exception.

_____

[11] In its March 3, 2020, order dismissing the PCRA petition, the court set forth a new rationale — that M.C. did not, in fact, have any criminal history:

> [Appellant] appears to be mistaken as to the "complete criminal history" of the victim in this case. There are many records of persons with the same first and last name of the victim in this case — some of whom have *crimen falsi* convictions. However, none are tied to the victim in this case. Accordingly, there was no merit to [Appellant's] claim.

Order, 3/3/20, at n.1. In the absence of any record evidence supporting the PCRA court's finding, however, we do not review this ground for dismissal. *See Burton*, 158 A.3d at 627 n.13 (this Court examines whether PCRA court's determination is supported by the record and free of legal error).

Next, Appellant avers the PCRA court erred in declining to find his lifetime SORNA registration is illegal under **Muniz**. Appellant acknowledges the PCRA court's reasoning that **Muniz** has not been held to apply retroactively, and thus **Muniz** cannot support relief under the Subsection 9545(b)(1)(iii) newly-recognized constitutional right exception. Appellant's Brief at 22. Nevertheless, Appellant contends:

> This analysis is flawed in light of . . . **Muniz** and this Court's decision in **Butler**, announcing that "**Muniz** was a sea change in the longstanding law of this Commonwealth as it determined that the registration requirements under SORNA are not civil in nature but a criminal punishment."

**Id.** at 23, *quoting* **Commonwealth v. Butler**, 173 A.3d 1212, 1215 (Pa. Super. 2017), *rev'd*, 226 A.3d 972 (Pa. 2020). No relief is due.

The PCRA court applied the following discussion in our Supreme Court's **Lark** decision:

> [W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. **If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies.** The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Order & Notice of Intent to Dismiss at 6, *quoting* **Lark**, 746 A.2d at 588 (emphasis in PCRA court's order). The PCRA court then reasoned that "because at this time no such holding has been issued by our Supreme Court

- 10 -

that *Muniz* applies retroactively, [Appellant] cannot rely on *Muniz* to"

establish, under Subsection 9545(b)(1)(iii), that a new constitutional "right

'has been held' by that court to apply retroactively." Order & Notice of Intent

to Dismiss at 5, *citing*, *inter alia*, ***Commonwealth v. Murphy***, 180 A.3d 402

(Pa. Super. 2018). We agree.

> In ***Murphy***, the decision cited by the PCRA court, this Court noted:

> [Under Subsection 9545(b)(1)(iii),] a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Murphy***, 180 A.3d at 405 (citation omitted). The ***Murphy*** Court then

reasoned:

> [W]e acknowledge that **this Court** has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." However, because [the instant PCRA petition seeking relief under ***Muniz***] is untimely, [it] must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [a petitioner] cannot rely on ***Muniz*** to meet that timeliness exception.

***Id.*** (emphasis in original). We concluded that a "reliance on ***Muniz*** cannot

satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii)." ***Id.***

Appellant does not refute that ***Muniz*** has not been held by the

Pennsylvania or United States Supreme Court to apply retroactively. Thus,

- 11 -

we agree with the PCRA court that Appellant has failed to establish the newly-recognized constitutional right exception. **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Murphy**, 180 A.3d at 405.

Finally, we reject Appellant's claim that he is entitled to relief under this Court's opinion in **Butler**. First, that decision addressed only SORNA registration requirements for individuals found to be sexually violent predators (SVP), holding such requirements are illegal. **Butler**, 173 A.3d at 1218. Appellant's registration requirements were not imposed due to any SVP designation. In any event, the Pennsylvania Supreme Court subsequently reversed this Court's decision, holding the SORNA registration requirements applicable to SVPs are constitutionally permissible. **Butler**, 226 A.3d at 975.

For the foregoing reasons, we affirm the order of the PCRA court dismissing Appellant's PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2020

- 12 -