J-A23015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY JONES | : | |
| | : | |
| Appellant | : | No. 1847 EDA 2019 |

Appeal from the PCRA Order Entered June 10, 2019,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0004187-1993.

BEFORE: KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: FEBRUARY 2/12/21**

Anthony Jones appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are summarized as follows: In 1980, when he was sixteen years old, Jones, participated with another person in killing the victim. On August 30, 1981, he pled guilty to first-degree murder in the Court of Common Pleas of Delaware County ("juvenile case"). On November 23, 1981, the trial court sentenced him to the mandatory term of life without parole ("LWOP").

_____

[*] Retired Senior Judge assigned to the Superior Court.

On June 18, 1992, when Jones was 28 years old and serving the Delaware County LWOP sentence at SCI-Graterford, Jones assaulted another prisoner. On December 1, 1994, Jones pled guilty in the Montgomery Court of Common Pleas to assault by a life prisoner ("adult case").[1] Pursuant to the plea agreement, the Commonwealth withdrew the remaining charges. That same day, the trial court sentenced Jones to a concurrent LWOP sentence for this crime.

Jones did not file an appeal in the Montgomery County case. Thus, for PCRA purposes, Jones' judgment of sentence became final thirty days later, on January 3, 1995. 42 Pa.C.S.A. 9545(b)(3); *see also* 1 Pa.C.S.A. § 1908 (providing legal holidays are not included in time computations).

On June 25, 2012, the United States Supreme Court held in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), that "mandatory life without parole for those under the age of eighteen at the time of their crimes violated the Eight Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460. On January 27, 2016, the United States Supreme Court held, in *Montgomery v. Louisiana*, 136 S.Ct. 718, 76-37 (2016).

Following the *Miller* and *Montgomery* decisions, Jones filed a PCRA petition in his juvenile case in which he challenged the legality of his LWOP sentence. Ultimately, the PCRA court granted him post-conviction relief. On

---

[1] 18 Pa.C.S.A. § 2704.

August 22, 2018, the trial court in the Delaware County case resentenced him to fifty years to life in prison.

Shortly thereafter, on October 12, 2018, Jones filed this PCRA petition in his adult case. Although it was the first PCRA petition in this matter, Jones filed it twenty-three years after his judgment of sentence became final in that case, and more than two years after the **Montgomery** decision. On January 8, 2019, the Commonwealth filed an answer and motion to dismiss. Jones filed a timely response.

After oral argument and the submission of briefs, the PCRA court, on May 20 2019, issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Jones' petition without a hearing. Jones filed a timely response. By order entered June 10, 2019, the PCRA court denied Jones' PCRA petition as untimely filed. This timely appeal followed. Both Jones and the PCRA court have complied with Pa.R.A.P. 1925.

Jones now raises the following issue:

1. Did the [PCRA] court err in dismissing [Jones'] PCRA petition challenging his conviction for assault by life prisoner, and its mandatory life sentence, where a newly-recognized constitutional right rendered the sentence on which his life prisoner status was predicated [void] *ab initio* and where he filed the petition within sixty days of the date that the predicate sentence was replaced with a parole-eligible sentence?

Jones' Brief at 4 (excess capitalization omitted)

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

We first determine whether the PCRA court correctly found that Jones' 2018 PCRA petition was untimely. We recognize that the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Moreover, even though Jones challenges the legality of LWOP sentence for assault by a life prisoner, his petition must still be timely. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections

9545(b)(1)(i), (ii), and (iii), is met.[2]  A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).  Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal.  ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

As noted above, Jones' LWOP sentence in his adult case became final on January 3, 1995.  Thus, Jones had until January 3, 1996, to file a timely PCRA petition.  Because he filed the petition at issue on October 12, 2018, it is patently untimely, unless Jones satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

In his PCRA petition, Jones claimed that his life sentence for his assault by life prisoner conviction was illegal in light of **Miller** and **Montgomery** decisions. According to Jones, since he is no longer a "life inmate," his LWOP sentence in his adult case is illegal and he was eligible for PCRA relief because the sentence imposed is greater than the lawful maximum. 42 Pa.C.S.A. § 9543(a)(vii). In addition, Jones asserted that his petition was timely, because he met the "newly recognized constitutional right" timeliness exception pursuant to 42 Pa.C.S.A. section 9545(b)(1)(ii), and that he filed the petition within sixty days of the date the trial court resentenced him to a term of fifty years to life imprisonment in his juvenile case.

The PCRA court found no merit to this claim. Citing our Supreme Court's decision in **Commonwealth v. Batts**, 163 A.3d 410, 411 (Pa. 2017), in which the high court recognized, post-**Miller** and **Montgomery**, a presumption against the imposition of a LWOP sentence for a juvenile offender, the PCRA court concluded that Jones' petition was untimely:

> Thus, it is unmistakable that [Jones] was placed on notice by **Montgomery** in 2016 and **Batts** in 2017 that there was a presumption he would be given a life sentence with parole when re-sentenced. [Jones'] instant petition could have been presented after **Montgomery** was decided two years earlier in 2016. **See Commonwealth v. Secreti**, 134 [A.3d] 77, 82 (Pa. Super. 2016). [Jones'] petition was untimely filed. The 60 day claim period began when [the] **Montgomery** decision was handed down and **not** when [Jones] was re-sentenced in Delaware County.

PCRA Court Opinion, 12/17/19, at 8 (emphasis in original).

We agree. In **Commonwealth v. Cobbs**, 230 A.3d 388 (Pa. Super. 2020), *appeal granted*, 239 A.3d 8 (Pa. 2020), this Court reached the same conclusion regarding timeliness under the PCRA. In that case Cobbs was a juvenile when he participated in a homicide and received a LWOP sentence. Years later, as an adult, Cobbs assaulted another prisoner and received a concurrent LWOP sentence pursuant to Section 2704, **supra**. Cobbs subsequently filed a PCRA petition as to his adult sentence, and the PCRA court dismissed it as untimely.

Cobbs filed a timely appeal to this Court. We disagreed with the PCRA court's timeliness determination because Cobbs was "challenging his assault by a life prisoner conviction on the ground that **Miller** and [**Montgomery**] invalidated a predicate on which that conviction necessarily depended[.]" **Cobbs**, 230 A.3d at 392. According to this Court, Cobbs' petition in his adult case was timely pursuant to Section 9545(b)(1)(iii), **supra**, because he was "raising an issue that arises based on the alleged direct effect of the newly recognized and retroactive constitutional right on his [assault by life prisoner] conviction." **Id.** Thus, this Court proceeded to address the merits of Cobbs' claim for post-conviction relief.[3]

---

[3] In **Cobbs**, this Court decided that the subsequent vacating of Cobbs' underlying LWOP sentence did not affect the validity of his LWOP sentence for assault by a life prisoner. **See Cobbs**, 230 A.3d at 392-94. Jones' has filed a motion to stay a decision in this case until our Supreme Court reviews this Court's ruling in that case. As discussed **infra**, because his PCRA petition was untimely, we deny Jones' motion to stay.

Importantly however, this Court in **Cobbs** also found that Cobbs had met the additional requirement of Section 9545(b)(2), **supra**, because he "filed his PCRA petition within 60 days of the United States Supreme Court's decision in **Miller** and it remained pending when [**Montgomery**] was decided and when he was resentenced under those decisions[.]" **Id.**[4] Unlike the facts of the present case, Cobbs had filed the PCRA petition at issue within 56 days of the **Miller** decision, and counsel filed an amended petition on Cobb' behalf within 57 days of the **Montgomery** decision. Following his resentencing to a life sentence with parole in his juvenile case, Cobbs again amended his PCRA petition in his adult case.

Here, unlike the petition at issue in **Cobbs**, Jones did not file his PCRA petition in his adult case until 2018. According to Jones, "[he] filed his PCRA petition in this case on October 12, 2018, which is within sixty days of the date on which it was legally established that he was not a life prisoner and his

_____

[4] In a footnote, the **Cobbs** court further explained Section 9545(b)(2) was amended in 2018 to extend the 60 day period to one year, but that the "one-year period applies only to timeliness exception claims arising on or after December 24, 2017." **Cobbs**, 230 A.3d at n.3. We then stated: "The events on which [Cobbs] claims timeliness exceptions are the 2012 **Miller** decision, the 2016 [**Montgomery**] decision and [Cobbs] September 2017 [] resentencing. Because all of these occurred prior to December 2017, the 60-day rather than the one-year period applies here." **Id.** As discussed **infra**, Jones' 2018 PCRA petition would not be timely filed under the amended section, and he cites no case authority that the date of his resentencing alone renders his petition timely.

claim in this petition became final." Jones' Brief at 2 (excessive capitalization omitted). Jones further asserts that "he could not have raised his claim earlier because it was only at his new sentencing of August 22, 2018 that he was unquestionably no longer a life prisoner within the meaning of the Assault by Life Prisoner statute and therefore entitled to relief." **Id.** at 15.

We cannot agree. Jones cites no case authority for this proposition. Indeed, as discussed above, **Cobbs** holds otherwise. Thus, because the PCRA court correctly concluded Jones' 2018 petition in his adult case was untimely filed, we affirm its order denying post-conviction relief.[5]

Motion denied. Order affirmed.

Judge Nichols concurs in the result.

Judge Pelligrini files a concurring memorandum, in which Judge Nichols joins.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/21

---

[5] While the PCRA court also addressed the merits of Jones' underlying claim, it lacked jurisdiction to do so. **Hernandez**, **supra**. We likewise lack authority to address the merits of Jones' claim.